**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-2305 JGB (DTBx)** | Date | December 2, 2025 |
| Title | *Jesse Elisara v. Walmart Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 12); and (2) VACATING the December 8, 2025, Hearing (IN CHAMBERS)

    Before the Court is Plaintiff's Motion to Remand. ("Motion," Dkt. No. 12.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** Plaintiff's Motion. The December 8, 2025, hearing is **VACATED**.

## I.   BACKGROUND

    On November 21, 2024, Plaintiff Jesse Elisara filed a complaint in the Superior Court of California for the County of Riverside against Defendants Walmart, Inc., Wal-Mart Associates, Inc., Brian Perez, and Does 1-25. ("Complaint," Dkt. No. 1-6.) The Complaint alleges eight causes of action: (1) wrongful discharge in violation of public policy; (2) interferences in violation of the California Family Rights Act ("CFRA"), Gov't Code § 12945.2(q); (3) retaliation in violation of CFRA, Gov't Code § 12945.2(k); (4) discrimination in violation of CFRA, Gov't Code § 12945.2(k); (5) intentional infliction of emotional distress; (6) associational disability discrimination in violation of Gov't Code § 12940(a); (7) retaliation in violation of Gov't Code § 12940(h); and (8) failure to prevent discrimination or retaliation in violation of Gov't Code § 12940(k). (See Complaint.)

    On August 15, 2025, the California Superior Court granted demurrer without leave to amend as to Brian Perez, an individual domiciled in California for diversity purposes. (Mot. at 3; Opp'n at 4.) Defendants Walmart, Inc. and Wal-Mart Associates, Inc. ("Defendants") removed the case to this Court on September 3, 2025. (Dkt. No. 1.) The Superior Court filed an order of dismissal regarding Perez based on the demurrer ruling on October 9, 2025. (Mot. at 3; Opp'n at

4.) On October 10, 2025, Plaintiff timely filed an appeal to the California Court of Appeals regarding dismissal of Perez. (Mot. at 3.)

On October 31, 2025, Plaintiff filed this Motion. (See Motion.) Defendants filed their Opposition on November 11, 2025. ("Opposition," Dkt. No. 14.) Plaintiff replied on November 24, 2025. ("Reply," Dkt. No. 15.)

## II.   FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion. See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Plaintiff Jesse Elisara worked as an employee of Defendants between October 19, 2021, and June 13, 2023, in Eastvale, CA. (Compl. ¶ 7.) Defendants are Delaware residents. (Id. ¶ 1.) Defendant Brian Perez is a California resident. (Id.)

Defendants terminated Elisara's employment because he took protected medical leave to care for his children, who had illnesses and are disabled. (Id. ¶ 8.)

## III.   LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

Under 28 U.S.C.S. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." "[I]f the case

stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

## IV.  DISCUSSION

Plaintiff argues that Defendant Brian Perez remained a party at the time Defendants removed the case, thereby defeating diversity jurisdiction. In support, Plaintiff relies on Garcia v. Delta Air Lines, 2020 U.S. Dist. LEXIS 46468, at *4 (C.D. Cal. Mar. 17, 2020), which in turn relies on Self v. General Motors Corp., 588 F.2d 655, 660 (9th Cir. 1978).

As Garcia explains, "[t]he Ninth Circuit favors Plaintiff's understanding of the law." 2020 U.S. Dist. LEXIS 46468, at *4. Self described "a district court's decision to remand a case where 'removal was "premature" because the state appeal process had to be exhausted before [the non-diverse party's] elimination from the case could be deemed truly final.'" Id. quoting Self, 588 F.2d at 656. Self then approvingly cited a case where "a district court held that removal on the basis of an order dismissing a non-diverse defendant was premature because it could not 'be said that the plaintiff would not have appealed the order of dismissal.'" Id. (internal citations omitted). That is precisely the procedural posture here, where Plaintiff did appeal the dismissal.

While Defendants may object to the Ninth Circuit's rule, this Court is not at liberty to depart from it. Under binding Ninth Circuit precedent, Defendants' removal of Plaintiff's case was premature. As such, the Court **GRANTS** Plaintiff's Motion and **REMANDS** the case to state court.

## V.  CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** the case to the Riverside Superior Court. The Clerk is directed to close the file. The December 8, 2025, hearing is **VACATED**.

**IT IS SO ORDERED.**